UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERINE GRAY, | ) |
| | ) |
| Plaintiff, | ) Case No. 05 C 59 |
| | ) |
| v. | ) |
| | ) Magistrate Judge Geraldine Soat Brown |
| JEFFREY BURKE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for New Trial Or, in the Alternative, To Vacate, Alter or Amend Judgment. [Dkt 86.] For the reasons set forth below, the motion is denied.

## PROCEDURAL HISTORY

Plaintiff Sherine Gray filed a complaint against Chicago police officers Jeffrey Burke and Jessica Gray (collectively, "Defendants"), under 42 U.S.C. § 1983, alleging that Defendants violated her civil rights by falsely arresting her for theft of services and using excessive force during her arrest. (Compl. at Counts I-III.) [Dkt 1.] The complaint also alleged state law claims of malicious prosecution, battery, false arrest, and false imprisonment against Defendants and the City of Chicago. (*Id*. at Counts IV-VI.) The case was initially assigned to District Judge James Moran. Defendants filed a motion for summary judgment before Judge Moran on all but Gray's excessive force and battery claims. *Gray v. Burke*, 466 F. Supp. 2d 991, 993 (N.D. Ill. 2006). Judge Moran granted

Defendants' motion on October 31, 2006. *Id*. at 999-1000. [Dkt 48, 49, 50.] The parties subsequently consented to the jurisdiction of a magistrate judge and the case was reassigned to this court. [Dkt 54, 55.] A jury trial was held on Gray's federal excessive force claim and state law battery claim, and the jury returned a verdict for Defendants on those claims on March 21, 2007. [Dkt 80, 84]. On the same date, a judgment form stating that judgment was entered "in favor of all defendants and against plaintiff on all claims" was filed on the docket. [Dkt 81.] Gray filed the present motion on March 31, 2007.

**PROCEDURAL ISSUES RELATING TO THE MOTION**

**I.     Relief Requested**

Gray's motion is entitled "Motion for New Trial or, in the Alternative, to Vacate, Alter or Amend Judgment." Although Gray does not cite any Federal Rule of Civil Procedure, it can be inferred that she brings her motion under Rule 59. Rule 59(a) permits a court to grant a new trial on claims that were tried to a jury or without a jury. However, Gray does not suggest any error in the conduct of the trial itself, such as the jury instructions or rulings on evidence. The substance of Gray's motion is directed to the summary judgment in favor of Defendants on Gray's false arrest claim, which she believes was incorrectly granted. No trial was ever held on Gray's false arrest claim, and thus, a motion for a "new trial" on that claim is inappropriate. Gray's link to a new trial is her argument that her excessive force claim was improperly diminished by the inability to present it in the context of a false arrest claim. (*See* Pl.'s Mem. Supp. Mot. New Trial [dkt 94] at 5, arguing that Gray "was severely hampered in her efforts to gain compensation for violations of her civil rights by having her false . . . arrest claim shorn from her case prior to the trial of this case").

"Any motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label." *St. Mary's Hosp. Med. Ctr. v. Heckler*, 753 F.2d 1362, 1365 (7th Cir. 1985) (quoting *United States v. City of Chicago*, 631 F.2d 469, 474 (7th Cir. 1980) (quoting 9 Moore's Fed. Practice ¶ 204.12[1], at 4-67 (2d ed. 1980))); *accord Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992). Therefore, to the extent Gray's motion challenges Judge Moran's summary judgment order, her motion is construed as a Rule 59(e) motion to alter or amend judgment.

## II.  Timeliness

Defendants argue that Gray's motion, filed five months after Judge Moran's summary judgment decision, is untimely. Rule 59 requires a motion for a new trial or to alter or amend a judgment be filed no later than ten days after entry of the judgment. Fed. R. Civ. P. 59(b), (e). The term "judgment" is defined by the Federal Rules of Civil Procedure as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Generally, an order granting summary judgment on fewer than all claims in an action is not itself a judgment; it is an interlocutory ruling and is not appealable. *Abbs v. Sullivan*, 963 F.2d 918, 923 (7th Cir. 1992). An order that disposes of less than all of the claims in a case is a final judgment only if the district court makes an express determination pursuant to Rule 54(b) that there is no just reason to delay enforcement or appeal, and an express direction that final judgment be entered on those claims.[1] *Ruiz v. Blentech Corp.*, 89 F.3d 320, 323

---

[1] Rule 54(b) provides in relevant part:

When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason

(7th Cir. 1996). Although Judge Moran granted Defendants' motion for summary judgment in October 2006, he did not enter a finding pursuant to Rule 54(b).[2] Thus, his order was interlocutory, and did not become final until the final judgment was entered in favor of Defendants on March 21, 2007. Gray filed her Rule 59 motion on March 31, 2007, within the ten-day time period.

In the case upon which Defendants rely, *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 109 (7th Cir. 1985), the order granting summary judgment disposed of all claims that had been pending before the court, and judgment was entered on May 31, 1983. Thus, the plaintiff's Rule 59 motion, filed on June 29 or 30, 1983, was not timely. *Id*. at 110.[3] Here, in contrast, Gray's motion was filed within ten days of the entry of judgment, and, accordingly, was timely.

## ANALYSIS

**I.    Gray's Motion to Alter or Amend the District Judge's Decision Granting Summary Judgment on Gray's False Arrest Claim**

Rule 59(e) motions, while labeled as motions to "alter or amend" judgment, can also ask that

---

for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[2]  The docket in this case is somewhat misleading because a document entitled "Judgment in a Civil Case" was entered following District Judge Moran's decision on the motion for summary judgment. [Dkt 50.] However, that document states only that "defendants' motion for summary judgment is granted."

[3]  The 1995 amendments to Rule 59 changed "served" to "filed." *See* Advisory Committee Notes to 1995 Amendments.

4

a judgment be set aside in its entirety. *A.D. Weiss Lithograph Co., Inc. v. Illinois Adhesive Prods. Co.*, 705 F.2d 249, 250 (7th Cir. 1983); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* (hereinafter "Wright & Miller") § 2810.1 at 119 (1995). Gray's motion, in essence, asks that this court set aside Judge Moran's decision to grant summary judgment on Gray's false arrest claim.

However, the limited function of a motion to alter or amend judgment under Rule 59(e) is to correct manifest errors of law or fact or to present newly discovered evidence. *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule does not allow a party to introduce new evidence or advance for the first time new legal theories that could have been presented prior to the judgment. *Bordelon v. Chicago School Reform Bd. of Trustees,* 233 F.3d 524, 529 (7th Cir. 2000). The decision whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court . . . ." *In the Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Furthermore, because Gray asks this court to re-examine a prior ruling by a different judge, this court must also consider whether there is a "compelling reason to reopen the previously decided question." *Best v. Shell Oil Co.*, 107 F.3d 544, 547 (7th Cir. 1997). "Generally speaking, a successor judge should not reconsider the decision of a transferor judge at the same hierarchical level of the judiciary when a case is transferred." *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005).

> Although the second judge may alter previous rulings if he is convinced they are incorrect, he is not free to do so . . . merely because he has a different view of the law or facts from the first judge. . . . Instead, the presumption is that earlier rulings will

5

stand, even though [they] can be overcome for compelling reasons (such as new controlling law or clear error).

*Best*, 107 F.3d at 546 (internal quotations and citation omitted). This principle "reflects the rightful expectation of litigants that a change of judges mid-way through a case will not mean going back to square one." *Id.*

The facts presented by the parties on the motion for summary judgment are set out in Judge Moran's opinion, and will not be repeated here. *See Gray*, 466 F. Supp. 2d at 994-95. In summary, Gray had been charged with theft of services in a complaint signed by the security officer of a parking structure where Gray disputed her obligation to pay a $21 fee, and with resisting arrest in a complaint signed by Defendants. Gray subsequently pled guilt to disorderly conduct. As a condition of her plea, she paid $21 to the parking lot and received a one-year term of supervision and paid a $130 fee. *See id.* at 995.

Gray argues here, as she did in resisting Defendants' motion for summary judgment, that there was no probable cause to arrest her for theft of services. Judge Moran observed that there were factual disputes about the circumstances of Gray's arrest that might otherwise have precluded summary judgment on the question of whether there was probable cause for a charge of theft of services. *Id.* at 997. However, he found that Gray's guilty plea to the charge of disorderly conduct made that unnecessary. *Id.* Gray has not demonstrated that Judge Moran's conclusion was incorrect.

As Judge Moran observed, "Plaintiff cannot maintain a section 1983 action for false arrest if there is probable cause for her arrest." *Id.* at 996 (citing cases). That is because "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to

believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Although it is true that Gray never pled guilty to theft of services, she did plead guilty to, and was convicted of, disorderly conduct. A criminal conviction does not necessarily preclude a false arrest claim. *See Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir.1996). However, "a criminal conviction collaterally estops a defendant from contesting in a subsequent civil proceeding the facts established and the issues decided in the criminal proceeding." *Talarico v. Dunlap*, 685 N.E.2d 325, 329 (Ill. 1997). Gray's guilty plea is an admission that she engaged in disorderly conduct; that admission may be used in a subsequent proceeding. *Reynolds v. Jamison*, 488 F.3d 756, 763 (7th Cir. 2007) (citing *Smith v. Andrews*, 203 N.E.2d 160, 163 (Ill. App. 2d Dist. 1965)). Under Illinois law, disorderly conduct occurs when a person acts in an unreasonable manner that disturbs or alarms another and threatens to provoke or provokes a breach of the peace. *Gray* 466 F. Supp. 2d at 998 (citing, *inter alia*, 720 Ill. Comp. Stat. 5-26-1(a)(1)). Although the collateral estoppel effect of a guilty plea must be determined on a case-to-case basis (*see Reynolds*, 488 F.3d at 763 (citing *Talarico*, 685 N.E.2d at 332)), Gray did not raise before Judge Moran any reason not to give effect to her admission of guilt on the disorderly conduct charge. (*See* Defs.' Resp. Pl.'s Mot. New Trial, Ex. B, Pl.'s Mem. Opp'n Defs.' Mot. Partial Summ. J.)[4] The facts before Judge Moran on the

---

[4] That is in contrast to the *Talarico* case, where there was a substantial contest about whether the court should give collateral estoppel effect to the plaintiff's guilty plea. Notably, the *Talarico* case did not involve the issue of whether a guilty plea estops a claim of false arrest. Rather, it was a medical malpractice case in which the plaintiff, who had pled guilty to a criminal offense, sued a doctor whose prescription of certain medications, he claimed, caused him to engage in the criminal behavior. The Illinois Supreme Court emphasized that its holding was based on "the particular facts of this case." 685 N.E. 2d at 332. Later Illinois decisions have observed that limitation on the *Talarico* holding, and have declined to extend it to other circumstances. *See Illinois Health Maintenance Org. Guar. Assn. v. Department of Ins.*, 864 N.E. 2d 798, 818 (Ill. App. 1st Dist. 2007); *Kramer v. Dirksen*, 695 N.E.2d 1288, 1291 (Ill. App. 1st Dist. 1998) (stating that *Talarico* involved "an exception" to the general principle that a

7

summary judgment motion included the transcript of proceeding before the state court judge who accepted Gray's guilty plea. *Gray,* 466 F. Supp. 2d at 997-98.

The issue before Judge Moran was whether the admission inherent in Gray's guilty plea precludes her present claim of false arrest, *i.e.*, her claim that her civil rights were violated because she was arrested without probable cause. Probable cause to arrest does not depend on the subjective motivation of the arresting officers, nor the offense articulated by the officers at the time of the arrest, but rather whether the facts known to the arresting officers gave probable cause to arrest her. *Devenpeck*, 543 U.S. 146 at 154-55. By her guilty plea, Gray admitted that during the incident she was acting in an unreasonable manner that disturbed or alarmed another and threatened to provoke or did provoke a breach of the peace. The incident giving rise to the conviction for disorderly conduct was the same one that gave rise to the charge of theft of services. There were no new facts regarding the incident developed after the arrest (*Gray,* 466 F. Supp. 2d at 998) and, thus, the facts that supported her conviction existed at the time of her arrest, were known to the Defendants, and gave Defendants probable cause to arrest her. "Those are lawfully arrested whom the facts known to the arresting officers give probable cause to arrest." *Devenpeck*, 543 U.S. 146 at 155.

Gray has not demonstrated that Judge Moran's decision to grant summary judgment to Defendants on her false arrest claim and the related state law claims was incorrect, let alone a manifest error of law or fact.

## II. Gray's Motion for New Trial on the Excessive Force and Battery Claims

---

criminal conviction collaterally estops a defendant from contesting in a subsequent civil proceeding the facts established and the issues decided in the criminal proceeding).

Finally, Gray argues that she should have a new trial because she was disadvantaged in proving her excessive force and battery claims because she did not have the opportunity to try her false arrest claim at the same time before the jury. Rule 59(a) allows the trial court to order a new trial to prevent injustice. *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004); 11 Wright & Miller § 2803 at 45-46. While Rule 59(a) does not enumerate the grounds for a new trial, the governing principle is that the court has the power and duty to order a new trial whenever, in its judgment, a new trial is required in order to prevent injustice. 11 Wright & Miller § 2805 at 54-55; *see also id*. § 2803 at 45-46. The Seventh Circuit has stated that, "[i]n ruling on a motion for new trial, federal law requires a district court to determine whether the verdict is against the weight of the evidence . . . the damages are excessive, or . . . for other reasons, the trial was not fair to the party moving." *Kapelanski*, 390 F.3d at 530 (internal quotations and citation omitted). The decision whether to grant a motion for a new trial is within the trial court's discretion. *Neal v. Honeywell, Inc.*, 191 F.3d 827, 831 (7th Cir. 1999).

Gray's request to try all her claims before the jury assumes that this court will change Judge Moran's decision granting summary judgment on Gray's false arrest claim, which this court declines to do. Gray's excessive force claim under § 1983 and her state law battery claims were independent of her false arrest claim, and Gray has not identified any reason why the trial was unfair, other than her belief that she should also have been able to try her false arrest claim. To the extent Gray moves for a new trial on her excessive force and battery claims, Gray's motion is denied.

## CONCLUSION

For the foregoing reasons, Gray's Motion for New Trial or, in the Alternative, to Vacate,

Alter or Amend Judgment [dkt 86] is denied.

**SO ORDERED.**

_____
**GERALDINE SOAT BROWN
United States Magistrate Judge**

**DATED: September 11, 2007**