UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERINE GRAY, | ) |
|     Plaintiff, | ) |
| | )   Case No. 05 C 0059 |
| v. | ) |
| | )   Magistrate Judge Geraldine Soat Brown |
| JEFFREY BURKE, JESSICA GRAY | ) |
| and CITY OF CHICAGO, | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sherine Gray ("Gray'") filed this 42 U.S.C. § 1983 action against defendants City of Chicago (the "City") and police officers Jeffrey Burke and Jessica Gray (collectively referred to as "Defendants"), alleging various state and federal claims, including false arrest, false imprisonment, malicious prosecution, excessive force and battery. [Dkt 1.] The District Judge granted Defendants' motion for partial summary judgment on all but the excessive force and battery claims. [Dkt 49.] Thereafter, the parties consented to the jurisdiction of the magistrate judge, and the matter was reassigned to the calendar of this court. [Dkt 54, 55.] A jury trial was held on the excessive force and battery claims, to which the jury returned a verdict in favor of Defendants and against Gray. [Dkt 81.]

As the prevailing parties, Defendants filed a Petition for Costs pursuant to Fed. R. Civ. P. 54(d) and Local Rule 54.1. [Dkt 89.][1] Defendants seek $3,619.77 in costs.[2] Gray objects to

---

[1] Defendants' petition consists of a Bill of Costs ("Defs.' Bill of Costs"), Memorandum in Support of Bill of Costs ("Defs.' Mem."), Itemization For Bill of Costs ("Defs.' Itemization"), and supporting documentation. The supporting documentation is not marked with any identifying exhibit number other than the page numbers assigned by the electronic document

1

defendants' petition on numerous grounds. For the reasons set forth below, Gray's objections are granted in part and denied in part, and Defendants are entitled to a total of $3,392.30.

**DISCUSSION**

Fed. R. Civ. P. 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The costs that may be recovered pursuant to Rule 54(d)(1) are set out in 28 U.S.C. § 1920. The costs allowed by § 1920 are: (1) the fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. A court may impose costs upon the losing party only if the expenses claimed are allowable cost items under § 1920 and are reasonable, both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995); s*ee also Movitz v. First Natl. Bank of Chicago*, 982 F. Supp. 571, 574 (N.D. Ill. 1997). Courts are vested with broad discretion to determine whether and to what extent to award costs to a prevailing party. *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993) (citing *SK Hand Tool Corp. v. Dresser Ind., Inc.*, 852 F.2d 936, 943 (7th Cir. 1988)). A court must review a proposed

---

filing system. Any reference to an exhibit will be to the exhibits to the itemization,which is at docket no. 89. The exhibits begin at page 20 of docket no. 89, and will be cited in the following format: "Defs.' Bill of Costs, Ex. __".

[2] Defendants' petition initially requested an award of $6,139.77, including $2,520.00 in charges for paralegal services. Gray objected, arguing that paralegal fees are not compensable as costs. (*See* Plaintiff's Objections to Defendants Jeffrey Burke's and Jessica Gray's Bill of Costs ("Pl.'s Objs.") ¶¶ 3, 4.) [Dkt 102.] Defendants conceded, removed from their claim the $2,520.00 in fees attributable to paralegal services, and reduced the amount they were seeking in their petition to $3,619.77. (*See* Defendants' Reply in Support of Defendants' Bill of Costs ("Defs.' Reply") at 1.) [Dkt 104.]

2

petition for costs "in scrupulous detail." *Young v. City of Chicago*, 2002 WL 31118328 at *1 (N.D. Ill. Sept. 24, 2002) (Leinenweber, J.); s*ee also First City Securities v. Shaltiel*, 1993 WL 408370 at *1 (N.D. Ill. Oct. 8, 1993) (Conlon, J.).

In their petition, Defendants seek expenses for deposition transcripts and court reporter fees, photocopying, witness subpoenas, and miscellaneous expenses. (*See* Defs.' Itemization.) Gray asserts several general objections to the Bill of Costs, arguing that it should be denied in its entirety, and asserts objections to several specific costs requested, as well.

**I.    Gray's General Objections**

Gray's first general objection is based on her assertion that the Bill of Costs was filed only on behalf of defendants Burke and Gray, and not on behalf of the City, which bore the costs of the defense. (Pl.'s Objs. ¶ 1.) Gray argues that costs cannot be allowed to parties who did not bear the expense of paying them and that, as a result, the Bill of Costs should be denied in its entirety, or at least denied with respect to the portion attributable to the City's defense. (*Id*. ¶¶ 1, 2.) Gray cites no legal authority in support of her argument. Moreover, Gray is incorrect in asserting that the Bill of Costs was filed only on behalf of the individual police officers. While the title of the Memorandum in Support of the Bill of Costs names only individual defendants Burke and Gray, the City is identified in the Bill of Costs as a party filing the Bill of Costs. The City was also a defendant on the malicious prosecution and battery claims, and prevailed on those claims. Thus, Gray's objection on that basis is overruled.

Gray also argues that the Bill of Costs should be denied in its entirety because having to pay the costs requested would impose "a significant hardship on the single mother of several children."

(Pl.'s Objs. ¶ 5.) A court may, in its discretion, deny costs to a prevailing party based on the non-prevailing party's indigence. *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). However, before doing so, the court must make a factual finding that the losing party is unable to pay the court-imposed costs at that time or in the future. *Id.* at 635. The burden is on the non-prevailing party to provide sufficient documentation to support such a finding. *Id*. In this case, Gray has produced no evidence, either by affidavit or otherwise, to establish that she is indigent or otherwise unable to pay. *See* Pl.'s Objs. ¶ 5. Counsel's argument in a brief, unsupported by evidence, is not sufficient to sustain a burden of providing evidence. *USA v. Stevens*, 500 F.3d 625, 628-29 (7th Cir. 2007). Gray's general objection based on her claim of indigence is likewise overruled.

Gray also makes several other general arguments: that the City has financial resources which vastly exceed Gray's; that Gray's claim was colorable and conducted in a professional and honorable manner; and that the Bill of Costs should be denied in its entirety "due to the significance of police brutality issues within the City of Chicago Police Department." (Pl.'s Objs. ¶¶ 5- 6.) However, she does not cite any authority to support her claim that those arguments provide a basis for the court to deny costs under § 1920. Those arguments are also overruled.

Accordingly, the court will address Gray's objections to certain specific cost items claimed.

**II.  Gray's Objections to Specific Costs**

   **A.  Deposition Costs**

Defendants seek $2,718.27 in reimbursement for costs associated with the services of a court reporter and obtaining copies of deposition transcripts.

1.  Necessity of the Deposition Transcript

The costs of transcripts and fees for the court reporter are recoverable under § 1920(2). To recover such costs, Defendants must establish that the transcripts were "necessarily obtained for use in the case." *Barber*, 7 F.3d at 645. "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Id*. (citation omitted).

Most of Defendants' claim for deposition costs relates to the deposition testimony of seven witnesses. Gray disputes the necessity of almost all of these deposition costs, including the transcripts for depositions of the individual defendants and two other witnesses, Michael Key and Donna Mince, whom Gray deems "friendly" to Defendants . (Pl.'s Objs. ¶ 7.) Gray argues that their presence at trial obviated any need to "secure their version of events" through a deposition. (*Id*.) Similarly, Gray challenges the deposition of one witness, Altaf Patel, who was never ultimately called by Defendants at trial. (*Id*.)

"'[T]he determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Barber*, 7 F.3d at 645. The availability of Defendants' witnesses at trial does not, therefore, render the costs of their depositions nontaxable. Defendants used the depositions of Mr. Patel, Mr. Key, Gray, and the individual defendants in connection with their motion for summary judgment, which was granted. (Defs.' Rule 56.1(a)(3) Stmt.) [Dkt 28.] Further, that Defendants opted not to call Mr. Patel as a witness at trial does not render the costs nontaxable if the testimony was reasonably necessary under the circumstances known at the time the deposition was taken. As Defendants point out, Gray called Mr. Patel as a witness in her case, using his deposition transcript.

(Defs.' Reply at 7.) Other than conclusory assertions, Gray has presented no facts to substantiate her objections as to the necessity of the depositions. The depositions of the seven witnesses identified by Defendants, including Gray, Paul Levy, Michael Key, Altaf Patel, Donna Mince, and Defendants Gray and Burke, were "necessarily obtained for use in the case," and the permissible costs attributable to those depositions are recoverable.

2. Adequacy of Documentation

To be entitled to costs for those depositions, Defendants must provide documentation sufficient to show that the claimed amount does not exceed the regular copy rate as established by the Judicial Conference, set at the time the transcripts were ordered at $3.30 per page for ordinary transcripts. L.R. 54.1(b); U.S. Dist. Ct. for the N. Dist. of Ill., *Maximum Transcript Rates - All Parties (Per Page)*, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last updated Feb. 28, 2003)); *see Fait*, 2002 WL 31433424 at *1; *Shah*, 2003 WL 21961362 at *1. In addition, Defendants are entitled to be reimbursed for only one original and one copy of each transcript and the court reporter's appearance fee. *See* L.R. 54.1(b); 28 U.S.C. § 1920(2). Additional costs for disks, word indexes, extra copies, or delivery/shipping charges are not generally recoverable. *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 980-81 (N.D. Ill. Oct. 8, 2003); *Fait*, 2002 WL 31433424 at *5. Costs of minuscripts can be recoverable where their use is justifiable. *Angevine v. WaterSaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165 at *3-5 (N.D. Ill. Dec. 23, 2003) (Brown, M.J.)

In support of their claimed deposition costs, Defendants submit invoices from various court reporting firms as well as a table (presumably created by Defendants' counsel) entitled "Deposition

Transcripts and Court Reporting Costs" that contain the following column headings: "Description"; "Date"; and "Total Amount." (*See* Defs.' Itemization at 5.) Although the table provides minimal information, the invoices reveal that Defendants paid no more than $3.25 per page, which is below the $3.30 regular copy rate as established by the Judicial Conference. (*See* Bill of Costs, Exs. 3, 4, 5, 6, 7, 9, 10.)

Several of the invoices reveal charges for diskettes and delivery/shipping which are not taxable and will be deducted from Defendants' award as follows: $20 each for diskette copies of the depositions of Mr. Patel, Mr. Key, Gray and Mr. Levy (*Id.*, Exs. 4, 5, 6, 7); $35 for a diskette copy and $10 in delivery charges for the transcript of Defendant Gray (*Id.*, Ex. 9); and $10 in delivery charges for the transcript of Mr. Burke. (*Id.,* Ex. 10.) These items, totaling $135.00, will be deducted from the Bill of Costs. Minuscripts were provided to the court for use at the trial, and their cost will be awarded**.**

Accordingly, Defendants may recover a total of $2,307.45 for the following deposition costs: $146.50 for the deposition of Ms. Mince; (Defs.' Bill of Costs, Ex. 3); $376.00 for the deposition of Mr. Patel (*id.*, Ex. 4); $464.50 for the deposition of Mr. Key (*id.*, Ex. 5); $558.75 for Gray's deposition (*id.*, Ex. 6); $349.50 for the deposition of Mr. Levy (*id.*, Ex. 7); $172.20 for the deposition of Defendant Gray (*id.*, Ex. 9); and $240.00 for the deposition of Defendant Burke (*id.*, Ex. 10).

### 3. In-Trial Deposition

Also included in Defendants' Bill of Costs is $199.10 in charges associated with the deposition of Gray taken after the trial had begun. (Defs.' Itemization at 5.) Gray objects to these charges, arguing summarily that her in-trial deposition "was never used and was completely

unnecessary." (Pl.'s Objs. ¶ 7.) To be entitled to costs for this expedited deposition, Defendants must establish that the transcripts were "necessarily obtained for use in the case," and the Defendants must provide documentation sufficient to show that the claimed amount does not exceed the expedited daily copy rate as established by the Judicial Conference, set at $5.50 per page at the time the transcripts were requested. L.R. 54.1(b); U.S. Dist. Ct. for the N. Dist. of Ill., *Maximum Transcript Rates - All Parties (Per Page)*, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm(last updated Feb. 28, 2003)); *see Fait*, 2002 WL 31433424 at *1; *Shah*, 2003 WL 21961362 at *1.

In support of those charges, Defendants attach an invoice identifying the "job date" as March 19, 2007 (the first day of Gray's jury trial), and assessing $89.10 for 15 pages of transcript ($5.94 per page), and $110.00 for 2.0 hours of reporter attendance. (Defs.' Bill of Costs, Ex. 8.) Defendants explain the necessity and urgency of the deposition transcript, stating that the in-trial deposition of Gray was used in preparing her cross-examination and "came on the heels of Plaintiff's witness, Paul Levy, submitting errata sheets substantively modifying his deposition testimony and revealing the true extent of their previously concealed relationship." (Defs.' Reply at 7.) The court finds that the deposition was reasonably necessary in light of those circumstances, which justify the increased cost associated with expediting the transcript. Accordingly, Defendants may recover the cost of the expedited transcript, consisting of 15 pages, at a rate of $5.50 per page, or $82.50, and Defendants may also recover $110 in court reporter fees. *See Thomas v. Guardsmark, Inc.*, 2005 WL 2405823, *2-3 (N.D. Ill. September 27, 2005) (Conlon, J.) (finding court reporter hourly rates between $30.00 and $60.00 reasonable) (citing cases). Thus, Defendants are entitled to $192.50 for the transcript of Gray's deposition taken during the trial.

4. Other Items Included as "Deposition Transcripts"

Also included in Defendants' Bill of Costs under the heading "Deposition Transcripts and Court Reporting Costs" are three names, presumably of court reporters, with corresponding dollar amounts of $24.07, $23.40, and $9.45, respectively. (Defs.' Itemization at 5.) Defendants did not provide any supporting documentation or further description of those items in their petition; thus, it is unclear whether those entries were for transcripts that were "necessarily obtained for use in the case." *Barber*, 7 F.3d at 645. Accordingly, those three items, totaling $56.92, will be deducted from the Bill of Costs.

Defendants also seek costs for the trial transcripts from Gray's related state criminal proceeding. (*See* Bill of Costs, Exs. 1, 2.) The first invoice, from Phyllis Yaeger, charges $1.80 per page for 6 pages, totaling $10.80. (*Id.*, Ex. 1.) The second invoice, from Colleen Eitermann, charges $1.80 per page for 5 pages, totaling $9.00. (*Id.*, Ex. 2.) The proceedings in Gray's criminal case were used in connection with Defendants' motion for summary judgment, and the transcript was cited by the District Judge. (Mem. Opinion and Order at 8.) [Dkt 49.] Those costs should, therefore, be awarded.

In total, Defendants' claim for deposition fees is reduced by $198.52. Defendants are, therefore, entitled to $2,519.75 for costs associated with depositions.

**B. Photocopying costs**

Defendants also seek $132.00 in photocopying expenses. (Defs.' Bill of Costs; Defs.' Itemization at 1-4.) In support of that request, Defendants provide a table identifying the document, the number of pages in the document, the date of the document, the number of copies made, and the

9

total charge associated with that document. (*Id*.) The only photocopying expenses to which Gray objects are those associated with the appearances and withdrawals of Defendants' attorneys, costs which total, by the court's calculation, $7.80 of the $132.00 requested. (Pl.'s Objs. ¶ 8.)

Section 1920(4) expressly authorizes "[f]ees for . . . copies of papers necessarily obtained for use in the case." Fed. R. Civ. P. 5 provides that the following papers shall be served upon the parties: "every pleading . . . , every paper relating to discovery required to be served upon a party . . . , every written motion . . . , and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper . . . ." Because written appearances are included in the list of items that shall be served on opposing parties, those papers (and copies thereof) can be said to be "necessarily obtained for use in the case," as provided by § 1920(4). *See Endress & Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 922 F. Supp. 158, 160, 160 n. 2 (S.D. Ind. 1996); *Gutzwiller v. City of Chicago*, 2007 WL 2298366 at *1-2 (N.D. Ill. Aug. 3, 2007) (Andersen, J.). Perhaps the use of the electronic filing system will reduce or eliminate the need for serving paper copies of attorney appearance forms in the future; but, at this point, Defendants will be allowed to recover the expenses incurred in photocopying appearance forms and related papers, with the following exception. In their Itemization, Defendants request reimbursement for costs incurred in making four copies, one of which was for Defendants' counsel to retain for their records. (Defs.' Itemization at 1-4; Defs.' Mem. at 4-5.) For documents filed with the court, only copies for the court and one copy for opposing counsel are considered recoverable costs. *Ochana v. Flores*, 206 F. Supp. 2d 941, 946 (N.D. Ill. 2002). The cost of additional copies made for the convenience of counsel is not recoverable. *Id.* Thus, the court will deduct from Defendants' allowable photocopying expenses the costs associated with the fourth copy of each appearance form and related document, as well as

the fourth copy of every other document contained on the Itemization, or a total of $28.95.

### C. Subpoena Fees

Defendants also seek $215.00 in fees for service of subpoenas. (Defs.' Bill of Costs; Defs.' Itemization at 4.) Gray objects to the trial subpoena fee for Altaf Patel, which amounted to $43.00, because Defendants' counsel never enforced the subpoena. (Pl.'s Objs. ¶ 8.) Defendants are correct that "witness fees are recoverable even though actual trial testimony may not occur by the witness." (Defs.' Reply at 8.) *See Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1138-39 (7th Cir. 1987) (abuse of discretion for trial court to deny award of witness fees for witnesses who were subpoenaed to trial but never appeared in courtroom, when witnesses were subpoenaed in good faith belief that their testimony would be necessary); *Jones v. Board of Trustees of Comm. College Dist. No. 508*, 197 F.R.D. 363, 364 (N.D. Ill. 2000). Gray has not shown that Mr. Patel was not subpoenaed in good faith. Thus, Defendants are entitled to the $43.00 requested for the subpoena fees associated with Mr. Patel's trial subpoena.

### D. Other Costs

Lastly, Defendants seek $554.50 in "other" costs, specifically, $32.00 for a MITE Records Service (color print and reproduction fees); $272.50 for an appearance and jury demand fee; and $250.00 for five enlargements of trial exhibits. (Defs.' Bill of Costs; Defs.' Itemization at 5.)[3] Of these items, Gray objects only to the $250.00 charge associated with the five enlargements of trial

---

[3] As set out in footnote 2, the "Other costs" section of the petition also included a charge of $2,520.00 for paralegal services, but Defendants have withdrawn that charge from the petition. (Defs.' Bill of Costs; Defs.' Itemization at 5.)

11

exhibits on the basis that they were either not used at trial or were "trivial." (Pl.'s Objs. ¶ 8.)

Fees for exemplification are recoverable under § 1920(4). The Seventh Circuit has defined the term "exemplification" as the preparation of "a wide variety of exhibits and demonstrative aids," such as "maps, charts, graphs, photographs, motion pictures, photostats, and kindred materials." *Celafu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000) (citations omitted). The five enlarged trial exhibits at issue, a number of which consisted of enlarged photographs, fall into the category of recoverable exemplification expenses. Of course, even when a particular item qualifies as exemplification, Defendants must show that it was "necessarily obtained for use in the case" to recover the cost for that item. *Id.* at 428 (citing § 1920(4)). Here, the enlarged exhibits assisted Defendants' counsel in communicating certain relevant points to the jury, and therefore can be said to be necessarily obtained for use in the case. Thus, the $250.00 for trial exhibits will be allowed.

## CONCLUSION

For the foregoing reasons, Gray's objections are granted in part and denied in part, and Defendants' Bill of Costs is reduced to $3,392.30.

IT IS SO ORDERED.

_____
Geraldine Soat Brown
United States Magistrate Judge

November 9, 2007